L. J. WEHE, Respondent, v. C. W. SNYDER, P. J. Engeseth, Mrs. P. J. Engeseth, and Burleigh County, a Public Municipal Corporation. BURLEIGH COUNTY, Garnishee, Appellant.

(223 N. W. 704.)

Opinion filed February 19, 1929.

*F. E. McCurdy,* for appellant.
*L. J. Wehe,* for respondent.

Burr, J. This action was commenced in September 1926 with P. J. Engeseth, Mrs. P. J. Engeseth and Burleigh county as garnishees. October 13, 1926, Frank J. Johnson, county auditor, made a disclosure stating that Burleigh county owed the defendant $150, but that defendant's interest therein had been assigned prior to the service of the summons. The other garnishees made disclosure denying liability and on November 26, 1926 the plaintiff served notice of election to take issue with all of these garnishees.

On November 5, 1926 a new garnishment summons was issued directed to Burleigh county, and Frank J. Johnson as county auditor admitted service thereof. On November 17, he made a disclosure (Ex. "A") stating he owed the defendant $300, saying nothing about any assignment of said defendant's interest therein; and on December 1, amended such disclosure (Ex. "B") to show that Burleigh county owed this money, and not he himself.

February 24, 1927 a verdict was rendered in the main action in favor of the plaintiff, judgment for $141.45 being entered on March 3, 1927. On March 5, 1927 Kate Lyons, as county auditor, filed what was called an amended disclosure in garnishment admitting Burleigh county owed the defendant $300 but alleging the defendant's interest therein had been assigned to one George Snyder before the service of the summons. The plaintiff refused to admit service of this amended disclosure, on the ground that it was served long after the time permitted by statute for the service of a disclosure. The garnishee made no application to the trial court for permission to serve the amended disclosure at this late date and no order was ever made by the court permitting such service.

On January 12, 1928 the plaintiff moved for judgment against this garnishee on the strength of the disclosures made by Frank J. Johnson (Ex. "A" & "B") showing $300 held by Burleigh county for the defendant, and on January 18, 1928 the issue arising on the Engeseth disclosures was tried. At this time the question of the right of Burleigh county to amend the Johnson disclosures was broached, the court saying: "The court desires later to take up the question of law raised by the amended affidavit of Kate Lyons and offered Mr. Wehe to continue the case until that matter was settled or to take testimony now and pass upon the question later."

To this Mr. Wehe replied that he would "stand on our motion for judgment on the disclosure and amended disclosure as made by Frank J. Johnson when he was county auditor, and that . . . Burleigh county has no right at this time to come in and attempt to amend, and it is too late and there is no provision in law for it."

The record does not disclose any further action regarding the right of Burleigh county to amend the Johnson disclosures, and on February 27, 1928 judgment was rendered against the garnishee in the sum of $179.30.

In March and again in May the time for settling the statement of the case was extended and on July 21st a statement of the case, consisting of the transcript in the hearing of the Engeseth garnishments and the two affidavits of Frank J. Johnson, exhibits A and B, was settled, the court saying "that the said transcript hereto annexed and

the exhibits herein identified constitute the statement of the case and the whole thereof."

On August 15, 1928 the county appealed "from the judgment and rulings of the district court entered herein the 27th day of February 1928 and from the whole thereof and demands a trial de novo on all the issues in the supreme court."

For specifications of error the garnishee "states that the trial court erred in making an order and for entering judgment against the garnishee. That the trial court erred in disregarding the amended return of the garnishee."

On appeal to this court the garnishee says: "The issue in this case is limited to one question, as to whether or not the trial court should have considered the amended return denying liability and should have heard evidence on that issue."

The judgment of the lower court must be affirmed. The judgment appealed from was based upon the disclosures made by Johnson for garnishee admitting liability. The court ignored the purported amended disclosure made by Lyons as auditor. It was not before the court. The time for filing such disclosure had passed, no application had been made to the district court for leave to file such disclosure or to permit an amendment of the previous disclosure, no order of the court had ever been made permitting it or refusing it, and there was no order from which to appeal. The trial court, in entering judgment against the garnishee, passed upon the papers which were before it, viz.: the original papers in the action against Snyder, the garnishment summons and other papers served upon the garnishee, and the disclosures made by the garnishee in this second garnishment action. This is all that was before that court and according to the statement of the case this is the case presented to us. The trial court did not include in the statement of the case the purported amended disclosure made by Kate Lyons. In this the court was correct. It was not before the court.

After the garnishee learned there was need for an amended disclosure it was its duty to apply to the court for leave to amend. If the court in its discretion refused to permit the amendment the discretion could be reviewed in this court. On the record the trial court was

required to grant the motion for judgment, and so the judgment of the lower court is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.